11-1526-ag
Cao v. Holder

BIA
A078 746 864

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER
FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF
APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER
IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY
ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of August, two thousand twelve.

PRESENT:
> PIERRE N. LEVAL,
> PETER W. HALL,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

XING GUO CAO, AKA CAO XING GUO,
AKA XING GUO GAO,
> *Petitioner*,

> v.                                          11-1526-ag
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:     Thomas D. Barra, Barra & Ieraci, PLLC, New York, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Blair T. O'Connor, Assistant Director; Juria L. Jones,

**Trial Attorney, Office of
Immigration Litigation, United
States Department of Justice,
Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Xing Guo Cao, a native and citizen of the People's Republic of China, seeks review of a March 25, 2011, decision of the BIA denying his motion to reopen. *In re Xing Guo Cao*, A078 746 864 (B.I.A. Mar. 25, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found . . . where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, the Court reviews the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Aliens seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Cao's September 2010 motion to reopen was untimely, because the BIA issued its final order of removal in 2004, and number-barred, because it was his second motion to reopen. However, the time and number limitations for filing a motion to reopen do not apply if the motion is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and

2

was not available and would not have been discovered or presented at the previous proceedings."  8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

In this case, the agency did not abuse its discretion in denying Cao's motion to reopen as untimely as substantial evidence supports the agency's conclusion that the background materials do not demonstrate a change in country conditions material to Cao's claim. *See Jian Hui Shao*, 546 F.3d at 169.  Although Cao submitted articles describing the general deterioration of human rights in China, particularly before and shortly after the 2008 Summer Olympics, the majority of those articles did not focus specifically on the persecution experienced by Falun Gong practitioners.  The single article focusing on the mistreatment of Falun Gong practitioners noted that Falun Gong practitioners "*continue* to be severely repressed."  Further, although the excerpt from the 2008 Congressional-Executive Committee on China ("CECC") report states that the Chinese government "intensified" its crackdown on Falun Gong during the period of time leading up to the 2008 Summer Olympics, the excerpt provides no details describing how that intensification has altered conditions for Falun Gong practitioners in China. Nor does the CECC report discuss how conditions for Falun Gong practitioners have deteriorated since the time of Cao's April 2003 merits hearing. *See Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) (holding that in evaluating evidence of changed country conditions, the BIA "compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below").  Because the excerpts of the CECC report do not describe how the Chinese government's repression of Falun Gong has increased or intensified since April 2003, the CECC report does not *compel* the conclusion that conditions for Falun Gong practitioners in China have changed such that Cao was entitled to reopening. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481, n.1 (1992) (noting that, under the substantial evidence standard, in order to reverse the BIA's fact finding, "we must find not only that the evidence *supports* [the contrary] conclusion, but *compels* it."); *Melgar de Torres v. Reno*, 191 F.3d 307, 312 (2d Cir. 1999).

Cao also argues that the BIA erred in failing to consider all of the evidence in support of his motion to

reopen.  As a preliminary matter, other than disagreeing with the BIA's decision in this case, Cao offers no evidence that the BIA did not consider these reports, as he fails to cite any specific evidence in the record that the BIA failed to consider.  *See Jian Hui Shao*, 546 F.3d at 169 (recognizing that the Court has rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner"); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"). Further, in its decision denying Cao's second motion to reopen his immigration proceedings, the BIA described Cao's documentary evidence and acknowledged that the articles and reports reflected a general deterioration of human rights in China as well as the continuing repression of Falun Gong and other religious minorities.  Accordingly, nothing in the record compels the conclusion that the BIA failed to consider Cao's evidence.  Because Cao failed to show a change in conditions for Falun Gong practitioners in China, the BIA did not abuse its discretion in denying Cao's motion to reopen as untimely and number-barred.  *See* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2), (3).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4